KEITH A. WEST,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      No. 07 C 5099
                                        )
S. KALICMI, et al.,                     )
                                        )
            Defendants.                 )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Officer S. Kalicki's ("Kalicki"), Defendant Officer A. Coleman's ("Coleman") and Defendant Officer T. Morgan's ("Morgan") (collectively referred to as "Defendants") motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Keith A. West ("West") alleges that on October 5, 2003, he left his residence and walked to the residence of his friend Larry Merritt ("Merritt"). According to West, when he knocked on the door at Merritt's residence Kalicki (incorrectly named in the amended complaint as "S. Kalicmi") appeared from the

1

side of the residence and pointed a gun at West. Kalicki then allegedly frisked West and "placed a pair of handcuffs very roughly and tight[ly] onto [West's] left and right wrists." (A. Comp. 15). Morgan then allegedly arrived at the scene. Kalicki and Morgan allegedly became "agitated" when West asked why he had been handcuffed and Kalicki allegedly punched West in the stomach. (A. Compl. 15). West allegedly fell to the ground and Kalicki and Morgan allegedly kicked and punched West on the ground. Kalicki also allegedly struck West with a police baton. West and Kalicki also allegedly shouted racial epithets at West. West claims that he was injured by the alleged rough handcuffing and the alleged beating. West was then allegedly roughly brought to his feet by Morgan and thrown into a police squad car. West and Kalicki then allegedly drove West to another location and asked West questions about persons in the neighborhood that possessed and sold illegal drugs and guns.

West claims he was then taken to the police station and Coleman conducted the intake search of West. West further alleges that Coleman did not permit him to receive medical care relating to his alleged injuries. West acknowledges that he was eventually charged with a felony. West brought the instant action and includes in his complaint claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging false arrest, excessive force, and denial of medical care. Defendants have moved to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that

"[m]atching facts against legal elements comes later").  The plaintiff need not allege all of the facts involved in the claim and can plead conclusions.  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002);  *Kyle*, 144 F.3d at 455.  However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims."  *Perkins*, 939 F.2d at 466-67.  The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

Defendants argue that all of West's claims are time-barred.  In Illinois there is a two-year statute of limitations for Section 1983 claims.  *Licari v. City of Chicago*, 298 F.3d 664, 667-68 (7th Cir. 2002).

I.  Filing after Limitations Period

West alleges in his amended complaint that the incident that is the basis for his claims occurred on October 5, 2003. (A. Compl. 14). The statute of limitations period ended on October 5, 2005, and West did not bring the instant action until September 10, 2007, well after the two-year statute of limitations period. West indicates in his amended complaint that this case is one of several lawsuits that he has brought against police officers or jail officials. West indicates that he previously brought lawsuits in case numbers 96 C 1675, 96 C 2627, 98 C 1930, 05 C 0043, 05 C 0500, 05 C 5746, and 06 C 4350. West also alleges that four of the seven cases were dismissed by him pursuant to a settlement. West also indicates that case number 06 C 4350 is still pending. In addition, West alleges that case number 96 C 2627 was "Dismissed." (A. Comp. 5). In his amended complaint West refers to his prior case in case number 05 C 5746. West's claims in that case were based upon the same October 5, 2003, incident upon which the instant action is based. West alleges in his amended complaint that the case was "voluntarily dismissed." (A. Compl. 9). We note that under the version of 735 ILCS 5/13-217 currently in effect, West had an opportunity to file another action within one year of the dismissal or within the remaining period, whichever is greater. 735 ILCS 5/13-217 (pre-1995 version). The court in case number 05 C 5746 granted West's motion to voluntarily dismiss on April 17, 2006. Thus, even though the statute of limitations on West's claims

relating to the October 5, 2003, incident had ended on October 5, 2005, West had until April 17, 2007, to file the claims since they were voluntarily dismissed on April 17, 2006. However, even with that extension, the instant action, filed on September 10, 2007, is untimely. Thus, the instant action, brought nearly four years after the October 5, 2003 incident, is untimely.

## II. Equitable Tolling

West argues in response to the instant motion to dismiss that the statute of limitations period for his claims should be tolled under equitable doctrines. Under the doctrine of equitable estoppel, a statute of limitations can be tolled, "if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990). Also, a statute of limitations period can be tolled under the doctrine of equitable tolling, which "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* at 451; *see also Farzana K. v. Indiana Dept. of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007)(stating that the equitable tolling doctrine "deals with situations in which timely filing is not possible despite diligent conduct").

In the instant action, West does not contend that Defendants prevented him from filing the instant action. Rather West contends that he was unable to bring the instant action in a timely fashion despite his diligent efforts to do so. West argues that he voluntarily dismissed his action in case number 05 C 5746 because he was unable to pay the filing fee. However, a statute of limitations period is not tolled while a plaintiff searches for funds to pay a filing fee. It was incumbent upon West, as it is on any plaintiff, to pay the filing fee if he desired to pursue his civil action in case number 05 C 5746. (Opp. 6). West also argues that there were lockdowns at the prison where he was incarcerated that impaired his ability to pursue the instant action. (Opp. 7). However, West has not shown that such lockdowns were continuous or so extensive that the equitable tolling doctrine would apply in this case. We also note that the exhibit attached by West listing lockdown dates lists only isolated lockdowns in 2007 and 2008. West does not explain why he could not have brought the instant action in between the lockdowns or before or after the lockdown periods listed in his exhibit. West has failed to offer sufficient justification for failing to bring the instant action until almost four years after the October 5, 2003, incident. Therefore, we grant Defendants' motion to dismiss. In addition, since this analysis applies equally to the claims brought against

Defendants, Officer Johnson and Defendant Officer J. Larry (collectively referred to

as "Remaining Defendants"), we also dismiss the claims brought against the Remaining Defendants.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss and dismiss the claims brought against the Remaining Defendants.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   April 29, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **KEITH A. WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07 C 5099** |
| | ) | |
| **S. KALICMI, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Officer S. Kalicki's ("Kalicki"), Defendant Officer A. Coleman's ("Coleman") and Defendant Officer T. Morgan's ("Morgan") (collectively referred to as "Defendants") motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Keith A. West ("West") alleges that on October 5, 2003, he left his residence and walked to the residence of his friend Larry Merritt ("Merritt"). According to West, when he knocked on the door at Merritt's residence Kalicki (incorrectly named in the amended complaint as "S. Kalicmi") appeared from the

side of the residence and pointed a gun at West. Kalicki then allegedly frisked West and "placed a pair of handcuffs very roughly and tight[ly] onto [West's] left and right wrists." (A. Comp. 15). Morgan then allegedly arrived at the scene. Kalicki and Morgan allegedly became "agitated" when West asked why he had been handcuffed and Kalicki allegedly punched West in the stomach. (A. Compl. 15). West allegedly fell to the ground and Kalicki and Morgan allegedly kicked and punched West on the ground. Kalicki also allegedly struck West with a police baton. West and Kalicki also allegedly shouted racial epithets at West. West claims that he was injured by the alleged rough handcuffing and the alleged beating. West was then allegedly roughly brought to his feet by Morgan and thrown into a police squad car. West and Kalicki then allegedly drove West to another location and asked West questions about persons in the neighborhood that possessed and sold illegal drugs and guns.

West claims he was then taken to the police station and Coleman conducted the intake search of West. West further alleges that Coleman did not permit him to receive medical care relating to his alleged injuries. West acknowledges that he was eventually charged with a felony. West brought the instant action and includes in his complaint claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging false arrest, excessive force, and denial of medical care. Defendants have moved to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that

"[m]atching facts against legal elements comes later").  The plaintiff need not allege

all of the facts involved in the claim and can plead conclusions.  *Higgs v. Carver*,

286 F.3d 437, 439 (7th Cir. 2002);  *Kyle*, 144 F.3d at 455.  However, any

conclusions pled must "'provide the defendant with at least minimal notice of the

claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-

54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements

merely "by attaching bare legal conclusions to narrated facts which fail to outline the

bases of [his] claims."  *Perkins*, 939 F.2d at 466-67.  The Seventh Circuit has

explained that "[o]ne pleads a 'claim for relief' by briefly describing the events."

*Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.

1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to

set out a claim for relief").

## DISCUSSION

Defendants argue that all of West's claims are time-barred.  In Illinois there is

a two-year statute of limitations for Section 1983 claims.  *Licari v. City of Chicago*,

298 F.3d 664, 667-68 (7th Cir. 2002).

I.  Filing after Limitations Period

West alleges in his amended complaint that the incident that is the basis for his claims occurred on October 5, 2003. (A. Compl. 14). The statute of limitations period ended on October 5, 2005, and West did not bring the instant action until September 10, 2007, well after the two-year statute of limitations period. West indicates in his amended complaint that this case is one of several lawsuits that he has brought against police officers or jail officials. West indicates that he previously brought lawsuits in case numbers 96 C 1675, 96 C 2627, 98 C 1930, 05 C 0043, 05 C 0500, 05 C 5746, and 06 C 4350. West also alleges that four of the seven cases were dismissed by him pursuant to a settlement. West also indicates that case number 06 C 4350 is still pending. In addition, West alleges that case number 96 C 2627 was "Dismissed." (A. Comp. 5). In his amended complaint West refers to his prior case in case number 05 C 5746. West's claims in that case were based upon the same October 5, 2003, incident upon which the instant action is based. West alleges in his amended complaint that the case was "voluntarily dismissed." (A. Compl. 9). We note that under the version of 735 ILCS 5/13-217 currently in effect, West had an opportunity to file another action within one year of the dismissal or within the remaining period, whichever is greater. 735 ILCS 5/13-217 (pre-1995 version). The court in case number 05 C 5746 granted West's motion to voluntarily dismiss on April 17, 2006. Thus, even though the statute of limitations on West's claims

relating to the October 5, 2003, incident had ended on October 5, 2005, West had until April 17, 2007, to file the claims since they were voluntarily dismissed on April 17, 2006. However, even with that extension, the instant action, filed on September 10, 2007, is untimely. Thus, the instant action, brought nearly four years after the October 5, 2003 incident, is untimely.

## II. Equitable Tolling

West argues in response to the instant motion to dismiss that the statute of limitations period for his claims should be tolled under equitable doctrines. Under the doctrine of equitable estoppel, a statute of limitations can be tolled, "if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990). Also, a statute of limitations period can be tolled under the doctrine of equitable tolling, which "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* at 451; *see also Farzana K. v. Indiana Dept. of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007)(stating that the equitable tolling doctrine "deals with situations in which timely filing is not possible despite diligent conduct").

In the instant action, West does not contend that Defendants prevented him from filing the instant action. Rather West contends that he was unable to bring the instant action in a timely fashion despite his diligent efforts to do so. West argues that he voluntarily dismissed his action in case number 05 C 5746 because he was unable to pay the filing fee. However, a statute of limitations period is not tolled while a plaintiff searches for funds to pay a filing fee. It was incumbent upon West, as it is on any plaintiff, to pay the filing fee if he desired to pursue his civil action in case number 05 C 5746. (Opp. 6). West also argues that there were lockdowns at the prison where he was incarcerated that impaired his ability to pursue the instant action. (Opp. 7). However, West has not shown that such lockdowns were continuous or so extensive that the equitable tolling doctrine would apply in this case. We also note that the exhibit attached by West listing lockdown dates lists only isolated lockdowns in 2007 and 2008. West does not explain why he could not have brought the instant action in between the lockdowns or before or after the lockdown periods listed in his exhibit. West has failed to offer sufficient justification for failing to bring the instant action until almost four years after the October 5, 2003, incident. Therefore, we grant Defendants' motion to dismiss. In addition, since this analysis applies equally to the claims brought against

Defendants, Officer Johnson and Defendant Officer J. Larry (collectively referred to

as "Remaining Defendants"), we also dismiss the claims brought against the Remaining Defendants.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss and dismiss the claims brought against the Remaining Defendants.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   April 29, 2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KEITH A. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 07 C 5099 |
| | ) |
| S. KALICMI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Officer S. Kalicki's ("Kalicki"), Defendant Officer A. Coleman's ("Coleman") and Defendant Officer T. Morgan's ("Morgan") (collectively referred to as "Defendants") motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Keith A. West ("West") alleges that on October 5, 2003, he left his residence and walked to the residence of his friend Larry Merritt ("Merritt"). According to West, when he knocked on the door at Merritt's residence Kalicki (incorrectly named in the amended complaint as "S. Kalicmi") appeared from the

1

side of the residence and pointed a gun at West. Kalicki then allegedly frisked West and "placed a pair of handcuffs very roughly and tight[ly] onto [West's] left and right wrists." (A. Comp. 15). Morgan then allegedly arrived at the scene. Kalicki and Morgan allegedly became "agitated" when West asked why he had been handcuffed and Kalicki allegedly punched West in the stomach. (A. Compl. 15). West allegedly fell to the ground and Kalicki and Morgan allegedly kicked and punched West on the ground. Kalicki also allegedly struck West with a police baton. West and Kalicki also allegedly shouted racial epithets at West. West claims that he was injured by the alleged rough handcuffing and the alleged beating. West was then allegedly roughly brought to his feet by Morgan and thrown into a police squad car. West and Kalicki then allegedly drove West to another location and asked West questions about persons in the neighborhood that possessed and sold illegal drugs and guns.

West claims he was then taken to the police station and Coleman conducted the intake search of West. West further alleges that Coleman did not permit him to receive medical care relating to his alleged injuries. West acknowledges that he was eventually charged with a felony. West brought the instant action and includes in his complaint claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging false arrest, excessive force, and denial of medical care. Defendants have moved to dismiss all claims.

# LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that

"[m]atching facts against legal elements comes later").  The plaintiff need not allege all of the facts involved in the claim and can plead conclusions.  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002);  *Kyle*, 144 F.3d at 455.  However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67.  The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

Defendants argue that all of West's claims are time-barred.  In Illinois there is a two-year statute of limitations for Section 1983 claims.  *Licari v. City of Chicago*, 298 F.3d 664, 667-68 (7th Cir. 2002).

I.  Filing after Limitations Period

West alleges in his amended complaint that the incident that is the basis for his claims occurred on October 5, 2003. (A. Compl. 14). The statute of limitations period ended on October 5, 2005, and West did not bring the instant action until September 10, 2007, well after the two-year statute of limitations period. West indicates in his amended complaint that this case is one of several lawsuits that he has brought against police officers or jail officials. West indicates that he previously brought lawsuits in case numbers 96 C 1675, 96 C 2627, 98 C 1930, 05 C 0043, 05 C 0500, 05 C 5746, and 06 C 4350. West also alleges that four of the seven cases were dismissed by him pursuant to a settlement. West also indicates that case number 06 C 4350 is still pending. In addition, West alleges that case number 96 C 2627 was "Dismissed." (A. Comp. 5). In his amended complaint West refers to his prior case in case number 05 C 5746. West's claims in that case were based upon the same October 5, 2003, incident upon which the instant action is based. West alleges in his amended complaint that the case was "voluntarily dismissed." (A. Compl. 9). We note that under the version of 735 ILCS 5/13-217 currently in effect, West had an opportunity to file another action within one year of the dismissal or within the remaining period, whichever is greater. 735 ILCS 5/13-217 (pre-1995 version). The court in case number 05 C 5746 granted West's motion to voluntarily dismiss on April 17, 2006. Thus, even though the statute of limitations on West's claims

relating to the October 5, 2003, incident had ended on October 5, 2005, West had until April 17, 2007, to file the claims since they were voluntarily dismissed on April 17, 2006. However, even with that extension, the instant action, filed on September 10, 2007, is untimely. Thus, the instant action, brought nearly four years after the October 5, 2003 incident, is untimely.

## II. Equitable Tolling

West argues in response to the instant motion to dismiss that the statute of limitations period for his claims should be tolled under equitable doctrines. Under the doctrine of equitable estoppel, a statute of limitations can be tolled, "if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990). Also, a statute of limitations period can be tolled under the doctrine of equitable tolling, which "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* at 451; *see also Farzana K. v. Indiana Dept. of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007)(stating that the equitable tolling doctrine "deals with situations in which timely filing is not possible despite diligent conduct").

In the instant action, West does not contend that Defendants prevented him from filing the instant action. Rather West contends that he was unable to bring the instant action in a timely fashion despite his diligent efforts to do so. West argues that he voluntarily dismissed his action in case number 05 C 5746 because he was unable to pay the filing fee. However, a statute of limitations period is not tolled while a plaintiff searches for funds to pay a filing fee. It was incumbent upon West, as it is on any plaintiff, to pay the filing fee if he desired to pursue his civil action in case number 05 C 5746. (Opp. 6). West also argues that there were lockdowns at the prison where he was incarcerated that impaired his ability to pursue the instant action. (Opp. 7). However, West has not shown that such lockdowns were continuous or so extensive that the equitable tolling doctrine would apply in this case. We also note that the exhibit attached by West listing lockdown dates lists only isolated lockdowns in 2007 and 2008. West does not explain why he could not have brought the instant action in between the lockdowns or before or after the lockdown periods listed in his exhibit. West has failed to offer sufficient justification for failing to bring the instant action until almost four years after the October 5, 2003, incident. Therefore, we grant Defendants' motion to dismiss. In addition, since this analysis applies equally to the claims brought against

Defendants, Officer Johnson and Defendant Officer J. Larry (collectively referred to

as "Remaining Defendants"), we also dismiss the claims brought against the Remaining Defendants.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss and dismiss the claims brought against the Remaining Defendants.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   April 29, 2008